# United States Bankruptcy Court
## NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

In re  **Alex Warren Yancey**                                                                                          Case No.  **15-53615**
                                           Debtor(s)                                                                               Chapter  **13**

## FIRST AMENDED CHAPTER 13 PLAN

Extension ☑                                                                                                        Composition ☐

      You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of  **$1,098.00    Monthly**  to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the applicable commitment period of  **60**  months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

      The following alternative provision will apply if selected:

      ☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

      (A).  **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

      (B).  **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $  **5,500.00**  for the services identified in the Rule 2016(b) disclosure statement filed in this case.  The amount of $  **0.00**  was paid prior to the filing of the case.  The balance of the fee shall be disbursed by Trustee as follows: (1) Upon the first disbursement of the plan following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $  **5,500.00**  after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to $  **530.00**  per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $  **5,500.00**  , after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

5. **Priority Claims**.

      (A).  **Domestic Support Obligations**.

☑ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

> -NONE-

(iii). Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

☑ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| -NONE- | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

☑ None; or
Claimant and proposed treatment:     -NONE-

(B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| **IRS** | 12,000.00 |
| **Georgia Department of Revenue** | 0.00 |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| **American Credit Acceptance** | **2004 Infinity G35** | 100.00 |
| **Mission Financial Services Corp** | **1999 Freight Liner Tractor Location: 501 River Walk, Douglasville GA 30134** | 100.00 |
| **Calfund, LLC** | **2004 Volvo Tractor Location: 501 River Walk, Douglasville GA 30134** | 100.00 |
| **Instaloan** | **2004 Jaguar Location: 501 River Walk, Douglasville GA 30134** | 100.00 |
| **RCI Trucks** | **2004 Volvo Tractor, Location: 501 River Walk, Douglasville GA 30134** | 100.00 |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| **American Credit Acceptance** | **2004 Infinity G35** | 4/29/2013 | 12,021.00 | 5.00% | 100 to 200 in May 2016 |
| **Mission Financial Services Corp** | **1999 Freight Liner Tractor Location: 501 River Walk, Douglasville GA 30134** | 7/2014 | 6,591.00 | 5.00% | 100 to 200 in May 2016 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| **Calfund, LLC** | **2004 Volvo Tractor Location: 501 River Walk, Douglasville GA 30134** | **10/20/13** | **20,000.00** | **5.00%** | 100 to 330 in May 2016 |
| **Instaloan** | **2004 Jaguar Location: 501 River Walk, Douglasville GA 30134** | **1/2015** | **1,500.00** | **2.00%** | 100 |
| **RCI Trucks** | **2004 Volvo Tractor, Location: 501 River Walk, Douglasville GA 30134** | **10/23/13** | **20,000.00 (anticipated claim of $3,000)** | **2.00%** | 100 |

(c). **Other provisions**.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| **-NONE-** | | | |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **-NONE-** | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $__**5,819.00**__. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ **0** or __**100**__%, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| Aaron's Sales & Lease to Own | Bedroon Set, Living room set, Dining room set, TV Location: 501 River Walk, Douglasville GA 30134 | 0.00 | 0.00 |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions**:

> (A). **Special classes of unsecured claims**.
>
> (B). **Other direct payments to creditors**.
>
> (C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with __3__ % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.
>
> (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
>  **-NONE-**

(E). **Other Provisions:**

**(E) Any creditor which is to be paid directly under this plan is authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.**

**(F) Unless the Court orders otherwise, a "Notice of Post-Petition Mortgage Fees, Expenses, and Charges" filed pursuant to Rule 3002.1(c) F. R. Bankr. P., or a statement which is filed pursuant to 3002.1(g) F.R. Bankr. P. and sets out unpaid amounts, shall not be funded through the office of the Chapter 13 Trustee.**

**(G) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis, These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in the case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. Unless the Court orders otherwise, the approved fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with paragraph 4(B), above. If the base fee has been paid in full, then the fee shall be paid up to $50.00 per month, and the distributions to creditors shall be reduced, pro rata, by the amount until the additional fee is paid in full.**

**(H) Unless the Court orders otherwise, a proof of claim that is filed pursuant to 11 U.S.C. 1305(a)(1) shall be funded by the Trustee pro rata within the classification under which it is allowed or as otherwise provided in a modified plan. This provision does not prohibit the Trustee or a creditor from objecting to the payment of said claim if the payment negatively impacts other creditors.**

Date  6/23/15                              Signature  /s/
                                                      **Alex Warren Yancey**
                                                      Debtor

Attorney  /s/
          **Cristina Digiannantonio, GA Bar No. 893510**
          Clark & Washington, LLC
          3300 NE Expressway
          Building 3
          Atlanta, GA 30341
          (404) 522-2222
          (770) 220-0685 - fax

```
                        United States Bankruptcy Court
                         Northern District of Georgia
In re:                                                         Case No. 15-53615-bem
Alex Warren Yancey                                             Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 113E-9          User: flanagan              Page 1 of 1     Date Rcvd: Jun 24, 2015
                              Form ID: pdf589a            Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 26, 2015.
tr             +Mary Ida Townson,    Chapter 13 Trustee,    Suite 2200,    191 Peachtree Street, NE,
                 Atlanta, GA 30303-1770
18848595       +Aaron's Sales & Lease to Own,    6125 Fairburn Rd,    Douglasville, GA 30134-1929
18848597       +American Credit Acceptance,    961 E. Main St.,    2nd Floor,    Spartanburg, SC 29302-2185
18848599      ++CARTER YOUNG INC,    882 N MAIN STREET,    SUITE 120,    CONYERS GA 30012-4442
               (address filed with court:   Collectron Of Atlanta/Carter-Young,    Attention: Bankruptcy,
                 Po Box 82269,   Conyers, GA 30013)
18848598       +Calfund, LLC,    807 E 12th St. #213,    Los Angeles, CA 90021-2178
18848600       +Edc/national Era Servi,    2902 W Lutz Fern Rd,    Lutz, FL 33558-4903
19043102       +EquityAuto Loan, LLC d/b/a Instaloan,    15 Bull Street, Suite 200,    Savannah, GA 31401-2686
18848601       +Instaloan,    15 Bull Street Suite 200,    Savannah, GA 31401-2686
18848602       +Mission Financial Services,    ATTN: D. Leever,    PO Box 2049,    Corona, CA 92878-2049
18848603       +Pinnacle Credit Service,    Attn: Bankruptcy,    Po Box 640,    Hopkins, MN 55343-0640
18848604       +RCI Trucks,    281 Mt. Zion Road, SW,    Atlanta, GA 30354-1244
18848605        Simone Heard,    5191 Clark Street,    Austell, GA 30106

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
18848596       +E-mail/PDF: recoverybankruptcy@afninet.com Jun 24 2015 21:18:33      Afni, Inc.,   Po Box 3097,
                 Bloomington, IL 61702-3097
19125411        E-mail/Text: brnotices@dor.ga.gov Jun 24 2015 21:24:35      Georgia Department of Revenue,
                 Accounts Receivable Collection Section,    1800 Century Blvd NE,    Suite 9100,
                 Atlanta, GA 30345
19125412        E-mail/Text: cio.bncmail@irs.gov Jun 24 2015 21:23:57      IRS,   401 W. Peachtree St NW,
                 Stop 334-D,   Room 400,    Atlanta, GA 30308
18883194        E-mail/Text: appebnmailbox@sprint.com Jun 24 2015 21:25:09      Sprint Corp.,
                 Attn Bankruptcy Dept,    PO Box 7949,    Overland Park KS 66207-0949
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +Calfund LLC,    807 E. 12th St.,    #213,   Los Angeles, CA 90021-2178
cr*            +Mission Financial Services,    ATTN: D. Leever,    PO Box 2049,    Corona, CA 92878-2049
                                                                                   TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 26, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 23, 2015 at the address(es) listed below:
              E. L. Clark    on behalf of Debtor Alex Warren Yancey ecfnotices@cw13.com,    cwatlantabk@gmail.com
              Mary Ida Townson    courtdailysummary@atlch13tt.com
                                                                                             TOTAL: 2
```